**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| IN RE:<br>SHAWN F TURNER AND PAMELA TURNER<br>Debtors | Case No. 26-11625-djb |
| LAKEVIEW LOAN SERVICING, LLC<br>Movant<br><br>vs.<br>SHAWN F TURNER AND PAMELA TURNER<br>Respondents | Chapter 13<br><br><br><br>11 U.S.C. §362 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER §362 PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001**

Movant, by its attorneys, Brock and Scott PLLC, hereby requests a termination of Automatic Stay and leave to proceed with its state court rights on its mortgage on real property owned by SHAWN F TURNER and PAMELA TURNER (the "Debtors").

1. Movant is Lakeview Loan Servicing, LLC**.**

2. Debtors, SHAWN F TURNER and PAMELA TURNER, are the owners of the premises located at 212 Cherry Street, Sharon Hill, Pennsylvania 19079 hereinafter known as the mortgaged premises.

3. Movant is the holder of a mortgage on the mortgaged premises.

4. Debtors' failure to tender monthly payments in a manner consistent with the terms of the Mortgage and Note result in a lack of adequate protection.

5. Movant instituted foreclosure proceedings on the mortgage because of Debtors' failure to make the monthly payment required hereunder.

6. The foreclosure proceedings instituted were stayed by the filing of the instant Chapter 13 Petition.

7. The following chart sets forth the number and amount of post-petition payments

due pursuant to the terms of the Note that have been missed as of August 1, 2026:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 3 | June 1, 2026 | August 1, 2026 | $2,265.24 | $6,795.72 |
| | | Less partial payments (suspense balance): ($0.00) | | |

**Total: <u>$6,795.72</u>**

8. The amounts listed above may not include any post-petition fees and costs previously filed with the Court pursuant to Rule 3002.1. The Secured Creditor does not waive it's right to collect these amounts.

9. A post-petition payment history is attached hereto as Exhibit "A".

10. The next payment is due on or before September 1, 2026 in the amount of $2,265.24. Under the terms of the Note and Mortgage, Debtors have a continuing obligation to remain current post-petition and failure to do so results in a lack of adequate protection to Movant.

11. Upon information and belief, the payoff amount as of August 1, 2026 is $236,801.43.

12. Debtor's Schedule A/B lists a fair market value for the Property in amount of $196,865.00.

13. For purposes of this Motion only, Movant asserts there no equity in the Property.

14. Movant has cause to have the Automatic Stay terminated as to permit Movant to proceed with its state court rights pursuant to the mortgage contract.

15. Movant specifically requests permission from the Honorable Court to communicate with and Debtors and Debtors' counsel to the extent necessary to comply with applicable nonbankruptcy law.

16. Movant, it's successors and assignees posits that due to Debtors' continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate

protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(4), and that Movant, its successors or assignees should be allowed to immediately enforce and implement the Order granting relief from the automatic stay.

17. Movant requests that if relief is granted that Federal Rule of Bankruptcy Procedure 3002.1 be waived.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order;

a. Modifying the Automatic Stay under Section 362 with respect to 212 Cherry Street, Sharon Hill, Pennsylvania 19079 (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors and assignees, to proceed with its rights under the terms of said Mortgage; and

b. Movant specifically requests permission from this Honorable Court to communicate with Debtors and Debtors' counsel to the extent necessary to comply with applicable nonbankruptcy law; and

c. That the Trustee cease making any further distributions to the Creditor; and

d. Holding that due to Debtors' continuing failure to tender post-petition mortgage payments and the resulting and ever-increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(4), and that Movant, its successors or assignees, should be allowed to immediately enforce and implement the Order granting relief from the automatic stay; and

e. Waiving Federal Rule of Bankruptcy Procedure 3002.1; and

f. Granting any other relief that this Court deems equitable and just.

Date: August 31, 2026

*/s/Andrew Spivack*
Andrew Spivack, PA Bar No. 84439
Mario Hanyon, PA Bar No. 203993
Jay Jones, PA Bar No. 86657
Brandon Perloff, PA Bar No. 316979
Attorney for Creditor
BROCK & SCOTT, PLLC
3825 Forrestgate Drive
Winston Salem, NC 27103
Telephone: (844) 856-6646
Facsimile: (704) 369-0760
E-Mail: PABKR@brockandscott.com