**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| IN RE:<br>SHAWN F TURNER AND PAMELA TURNER<br>Debtors | Case No. 26-11625-djb |
| Lakeview Loan Servicing, LLC,<br>Movant<br><br>vs.<br>SHAWN F TURNER AND PAMELA TURNER<br>Respondents | Chapter 13<br><br>11 U.S.C. §362 |

**STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

It is hereby stipulated by and between Brock & Scott, PLLC, counsel for the Movant, Lakeview Loan Servicing, LLC, and BRAD J. SADEK, Esquire, counsel for the Debtors, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 212 Cherry Street, Sharon Hill, PA 19079, mortgage account ending with “5830”.

3. The parties agree that the total post-petition arrearage consists of four (4) monthly payments for the months of June, 2026 through September, 2026 at $2,265.24 each, resulting in the total post-petition arrearage amount of $9,060.96. The amounts listed above may not include any post-petition fees and costs previously filed with the Court pursuant to Rule 3002.1. The Secured Creditor does not waive it’s right to collect these amounts.

4. Debtors will cure the post-petition arrearage by making eight (8) monthly payments in the amount of $1,006.78 each and one (1) monthly payment in the amount of $1006.72. Cure payments begin October 1, 2026 through June 1, 2027.

5. Debtors agree to remain current post-petition from this day forward. Beginning October 1, 2026 in the amount of $2,265.24, all subsequent monthly payments and any late charges, shall be due in accordance with the terms of the Mortgage.

All payments made pursuant to this Stipulation shall be by certified check or money order payable to LoanCare, LLC, P.O. Box 8068, Virginia Beach, VA 23450**.**

6. If Debtors provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

7. Should the Debtors fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, whichever failure occurs first, the Movant may send Debtors and counsel, if applicable, a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362, waiving FED. R. Bankr. P. 3002.1 and waiving Bankruptcy Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

8. In the event the Debtors converts this case to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362, and waiving Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

9. Debtors' tendering of a check to LOANCARE, LLC, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

10. The parties stipulate that Movant shall be permitted to communicate with the Debtors and Debtors' Counsel to the extent necessary to comply with applicable non-bankruptcy law.

11. The parties agree that a facsimile signature shall be considered an original signature.

Dated: September 25, 2026

*/s/ Andrew Spivack*
Andrew Spivack, Esquire
Attorney for Movant

/s/ Brad J. Sadek

BRAD J. SADEK, Esquire
Attorney for Debtors

No Objection - Without Prejudice to Any
Trustee Rights or Remedies

/s/ LeeAne O. Huggins October 8, 2026

KENNETH E. WEST, Esquire
Trustee